UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

George E. Bailey,

Plaintiff,

v.

Civil No. 00-544 RHK/JMM
**MEMORANDUM OPINION AND ORDER**

American Express
Financial Advisors, (IDS),

Defendant.

---

George E. Bailey, pro se, Eden Prairie, Minnesota, for Plaintiff.

Ann M. Wilson, Faegre & Benson, Minneapolis, Minnesota, for Defendant.

---

Plaintiff George E Bailey ("Bailey") was employed by American Express Financial Advisors ("AEFA") from April of 1997 to November of 1998. (Johnson Aff. ¶ 3.) On March 7, 2000, Bailey filed a Complaint with this Court alleging (1) invasion of privacy, (2) defamation, (3) obstruction of justice, (4) due process violations, (5) emotional distress, (6) reckless indifference, (7) Amendments IV, V, and XIV, and (8) retaliation, as well as claims under Title VII, the ADA, and "Bill of Rights and constitutional violations." (Compl. (Doc. No. 1).) Bailey did not serve the Complaint on AEFA until September 14, 2000. (Wilson Aff. Ex. 1 (Compl. Stamped Sept. 14, 2000).) Additionally, Bailey did not include a summons when he served AEFA with a copy of the Complaint. (Id.) AEFA contends, inter alia, that Bailey's claims should be dismissed



FILED NOV 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD NOV 20 2000
DEPUTY CLERK

because he failed to serve AEFA within the required time limits of Fed. R. Civ. P. 4(m), and failed to serve AEFA with a summons in violation of Fed. R. Civ. P. 4(c)(1). AEFA has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).[1] AEFA filed a Memorandum in Support of its Motion to Dismiss with this Court. (Def.'s Supp. Mem. (Doc. No. 9).) However, Bailey did not respond to AEFA's motion by either filing an opposition memorandum or appearing at the hearing on this motion.

The Court finds that, based on the record before it, Bailey failed to timely serve AEFA as required under Fed. R. Civ. P. 4(m) and further failed to serve AEFA with a summons in violation of 4(c)(1).[2] As a result, this action will be dismissed.

Accordingly, based on the foregoing, and upon all the files, records, and proceedings herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**; and

---

[1] A motion authorized by Rule 12(b)(4) challenges the sufficiency of the process by which the defendant has received notice of the action. In this case, such a motion is proper based on the record presented by AEFA that the summons was not included with the Complaint. A motion authorized by Rule 12(b)(5) challenges the sufficiency of the service of the process upon the defendant. Such a motion is proper here based on the record made by AEFA that the process was not served within the time period provided by Rule 4. <u>See</u> Moore's Federal Practice ¶ 12.07[2.-4] (footnotes omitted).

[2] Although the Court need not address the sufficiency of Bailey's Complaint, it is clear that he has not met Fed. R. Civ. P. 8(a)(2)'s requirement that a claim for relief contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Further, it is clear, on the face of the Complaint, that Bailey's disability discrimination and retaliation claims are outside the scope of his Equal Employment Opportunity Commission charge, which claimed only race discrimination.

(2) Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 20, 2000

Richard H. Kyle
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: NOV 20 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995